**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1890**

TEMPIE ANN BELL,

            Plaintiff - Appellant,

      v.

ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs,

            Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cv-00057-WO-LPA)

Submitted:  August 26, 2014        Decided:  September 16, 2014

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel F. Read, Durham, North Carolina, for Appellant.  Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 10, 2010, Tempie Ann Bell was injured while working for the United States Department of Veterans Affairs ("Defendant") and was unable to return to work. Defendant granted Bell leave until November 14, 2010, but required her to return to work thereafter. Bell failed to comply, and on February 25, 2011, Defendant terminated her for being absent without leave, effective March 11, 2011. Bell filed a complaint alleging that Defendant discriminated against her on the basis of her disability and retaliated against her for engaging in protected activities, in violation of the Rehabilitation Act, 29 U.S.C. §§ 701–796l (2012), amended by Workforce Innovation and Opportunity Act, Pub. L. No. 113-128, §§ 401-488, 128 Stat. 1425, 1631-94 (2014). The district court granted summary judgment to Defendant on these claims, and Bell appeals. Finding no reversible error, we affirm.

We review a district court's order granting summary judgment de novo. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012) (internal quotation marks omitted). In determining whether a genuine issue of

2

material fact exists, we "view[] the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011).

To establish a prima facie case of disability discrimination, a plaintiff must prove that she is "qualified," by showing that either (1) "she could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue," or (2) some "reasonable accommodation by the employer would enable [her] to perform those functions." Tyndall v. Nat'l Educ. Ctrs., Inc., 31 F.3d 209, 213 (4th Cir. 1994) (internal quotation marks omitted); see Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012) (discussing prima facie case under Americans with Disabilities Act for discriminatory discharge claim). The district court found that Bell was not qualified because she could not perform her job and no reasonable accommodations would enable her to do so. Bell argues that, even if she could not have continued in her current nursing position, she could have worked in an administrative capacity. However, Bell has not produced evidence that there were any positions available at the time of her termination that she was qualified to fill. Moreover, as the district court noted, Bell's absence from work left her unable to perform any job. See Byrne v. Avon Prods.,

3

Inc., 328 F.3d 379, 381 (7th Cir. 2003). Because Bell failed to show that she was qualified for her position, summary judgment on her disability claim was proper.

Because Bell presented no direct evidence of retaliation, we analyze her retaliation claim under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 57–58 (4th Cir. 1995). "In the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of retaliation, whereupon the burden shifts to the employer to establish a legitimate non-retaliatory reason for the action." Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). If the employer meets this burden, "the plaintiff then must show that the employer's proffered reasons are pretextual . . . by showing that the explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of [retaliation]." Id. (internal quotation marks omitted). Throughout this process, the plaintiff bears the ultimate burden of "establish[ing] that . . . her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013).

The district court found that Defendant had proffered a legitimate non-retaliatory reason for her termination — her

4

continued absence — and that Bell had failed to forecast sufficient evidence to establish that this reason was pretextual. To establish pretext, Bell relies on evidence that her supervisors were hostile to her. However, even assuming that such hostility existed, Bell's prolonged absence, with no indication that she would be able to return to work in the near future, makes it implausible that she would have been retained regardless of her supervisors' feelings about her. Because the evidence did not allow the reasonable inference that Bell would not have been terminated but for her protected activity, summary judgment on this issue was proper.

Accordingly, we affirm the entry of summary judgment in favor of Defendant. We deny Bell's pending motions to file a supplemental document and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED